**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HERBERT LUX, JR.; JOSHUA MORRIS,
   *Plaintiffs-Appellants,*

    v.

ALDA WHITE, in her official capacity
as the Stafford County Attorney;
DANIEL CHICHESTER, in his official
capacity as the Stafford County
Commonwealth Attorney; CHARLES
E. JETT, in his official capacity as
the Sheriff of Stafford County,
Virginia,

   *Defendants-Appellees,*

    and

GARY SNELLINGS; ROBERT GIBBONS;
JACK CAVALIER; RANDY HILLIARD;
MARK OSBORN; PETE FIELDS; GARY
PASH, in their official capacities as
members of the Stafford County,
Virginia, Board of Supervisors,

    *Defendants.*

No. 03-2051

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-03-640-A)

Submitted: April 1, 2004

Decided: June 7, 2004

Before WILKINS, Chief Judge, WILLIAMS, Circuit Judge,
and C. Arlen BEAM, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James Bopp, Jr., BOPP, COLESON & BOSTROM, Terre Haute, Indiana, for Appellants. Jack L. Gould, Fairfax, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Herbert Lux, Jr., and Joshua Morris (collectively, "Appellants") appeal a district court order dismissing their action challenging the constitutionality of a now-repealed handbill ordinance. Finding no reversible error, we affirm.

### I.

Appellants are political activists in Virginia. At the time of the events giving rise to this lawsuit, Appellants were working for a Virginia Senate campaign. On May 2, 2003, Lux distributed handbills for the campaign at a parking lot in Stafford County, Virginia. That same day, an officer of the Stafford County Sheriff's Department contacted the campaign and asked it to cease placing handbills on automobiles. The officer explained that such activity violated Stafford County Code § 3-5 ("the ordinance"), which prohibited, *inter alia*, placing handbills on a motor vehicle without the owner's permission. After further communications with the Sheriff's Department, Appellants stopped distributing handbills.

Appellants subsequently brought this action against various Stafford County officials (collectively, "Appellees"), claiming that the ordinance violated the First Amendment and seeking to enjoin Appellees from enforcing the ordinance. Soon after Appellants filed their complaint, the Stafford County Board of Supervisors repealed the ordinance. Appellees then moved to dismiss, primarily arguing that Appellants' claims were moot. With regard to prospective enforcement of the ordinance, the district court agreed that Appellants' claims were moot. The court emphasized that the ordinance had been repealed without any indication that it would be reenacted in the same form. With respect to enforcement of the ordinance for violations occurring before its repeal, the court concluded that both Appellants lacked standing. The court noted that Morris had not distributed handbills in Stafford County. Regarding Lux, the court explained that (1) although the Sheriff's Department had asked the campaign to stop distributing handbills, neither Lux nor the campaign was actually threatened with enforcement of the ordinance; and (2) after the ordinance was repealed, Appellees submitted affidavits assuring that no one would be arrested or prosecuted for past violations of the ordinance. Accordingly, the district court dismissed Appellants' complaint.

## II.

Appellants contend that the district court erred in determining that their claims were moot and that they lacked standing. We review these rulings concerning subject matter jurisdiction de novo. *See Marshall v. Meadows*, 105 F.3d 904, 905-06 (4th Cir. 1997).

The Article III requirement of standing ensures that a plaintiff has a "concrete stake" in the outcome of a lawsuit at the time it is commenced. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (explaining that the first prerequisite for standing is that the plaintiff has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical" (citations, footnote, & internal quotation marks omitted)). Even if the plaintiff has standing at the outset of the case, however, the action may become moot if, at any subsequent time, the plaintiff "plainly

lack[s] a continuing interest" in the resolution of the case. *Friends of the Earth*, 528 U.S. at 192.

Here, we need not decide whether Appellants lacked standing when they filed this action because subsequent events have clearly rendered the entire case moot. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 66-67 (1997) (declining to resolve standing issue because plaintiff's claim was clearly moot). The challenged handbill ordinance has been repealed without any indication that it will be reenacted, and therefore it cannot be enforced prospectively. *See Am. Legion Post 7 of Durham, N.C. v. City of Durham*, 239 F.3d 601, 606 (4th Cir. 2001) (explaining that whether the repeal or amendment of a challenged law renders the case moot depends on "[t]he practical likelihood of reenactment of the challenged law"). And, Appellees have submitted affidavits disclaiming any intention to arrest or prosecute anyone for violating the ordinance before it was repealed. *Cf. N.C. Right to Life, Inc. v. Bartlett*, 168 F.3d 705, 711 (4th Cir. 1999) (finding that a plaintiff challenging a state election statute had a reasonable fear of prosecution in part because the record did not show that state officials would refrain from prosecuting violators). Because there is no realistic chance that Appellants will be prosecuted for past or future violations of the ordinance, Appellants lack a continuing interest in the resolution of this case. The district court therefore properly dismissed Appellants' complaint.

## III.

For the reasons set forth above, we affirm the dismissal of Appellants' complaint.

*AFFIRMED*